UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

DANIEL JEROME BOWEN,

    Plaintiff,

    v.

E. SULLIVAN, M.D., PCP; E. GOLDEN, R.N.; V. BROWN, CRN II; M. SEPULVEDA, M.D., CME; GERALD ELLIS, CEO, Salinas Valley State Prison; and L. D. ZAMORA, Chief, California Prison Health Services,

    Defendants.
                       /

No. C 11-6285 PJH (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

    Plaintiff, an inmate at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed in forma pauperis.

## DISCUSSION

**A.    Standard of Review**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although in order to state a claim a

complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Complaints in pro se prisoner cases, such as this one, must be liberally construed in favor of the plaintiff when applying the *Twombly/Iqbal* pleading standard.  *Hebbe v. Miller*, 627 F.3d 338, 341-42 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff says that he has a serious back problem that makes it very painful for him to "prone out," i.e., lie face-down, on hard surfaces for extended periods.  He says that defendant Sullivan wrote an "accommodation chrono" (memo) excusing him from doing so, but an unknown superior ("HCM/CMO") denied the accommodation.  His only allegation against Sullivan is that he or she granted the accommodations; he has failed to state a claim against Sullivan.

Plaintiff filed an appeal of the denial.  He says he was interviewed by defendant Golden, who recommended the accommodation he sought be granted.  This is the only allegation against Golden; he has failed to state a claim against him or her.  He was informed by defendant Brown of Golden's recommendation; that being the only allegation

2

against Brown, he has failed to state a claim against him or her.

Plaintiff responded by pointing out that he needed a chrono reflecting the conclusions of Golden and Brown that the accommodation should be afforded him. At that point defendant Ellis denied his appeal altogether. Plaintiff then appealed to the director's level, and was informed by defendant Zamora that his appeal was "being forwarded" to the Health Care Coordinator at his prison. Seven months later he had heard nothing further. He has been forced to resume "proning out" on hard surfaces, suffering pain. He has stated claims against Ellis and Zamora, who as a result of the appeal were aware of his purported serious medical need and arguably were deliberately indifferent to it.

Plaintiff does not mention defendant Sepulveda, so of course has not stated a claim against him or her   The claim against Sepulveda will be dismissed with leave to amend.

## CONCLUSION

1. Plaintiff's claims against defendants Sullivan, Golden and Brown are **DISMISSED** with prejudice. The claim against Sepulveda is **DISMISSED** with leave to amend within twenty-eight days of the date of this order. If plaintiff chooses to amend, he should note than an amended complaint completely replaces the original complaint, and thus that he should include all claims he wishes to pursue, including those found sufficient here. *See See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If plaintiff does not amend, the case will proceed against Ellis and Zamora.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

**IT IS SO ORDERED.**

Dated: July 31, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.11\Bowen6285.dwlta.wpd

3