UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL J. BOWEN,

    Plaintiff,

v.

M. SEPULVEDA, et al.,

    Defendants.

Case No. 11-cv-06285-WHO (PR)

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this federal civil rights action brought under 42 U.S.C. § 1983, plaintiff Daniel Bowen alleges that defendants M. Sepulveda, Gerald Ellis and L.D. Zamora, employees of Salinas Valley State Prison, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Defendants move for summary judgment. For the reasons stated herein, defendants' motion for summary judgment is GRANTED as to claims against all defendants.

## BACKGROUND

The following facts are undisputed. Bowen underwent lumbar fusion surgery in 2003. (Defs.' Mot. for Summ J. ("MSJ"), Adams Decl. ¶ 6.) As a result of this surgery, Bowen alleges that he feels great discomfort, pain and associated stress and fatigue when he is required to lie on his stomach, or "prone out," which inmates are

1   required to do when there is a security incident and an alarm sounds.  (Am. Compl. at 3.)In
2   November 2010, Bowen's primary care physician, Dr. Sullivan, issued a memorandum
3   ("chrono") allowing Bowen several accommodations:  a back brace, a lower bunk, an egg
4   crate mattress, excusing Bowen from carrying over twenty-five pounds, and excusing him
5   from proning out.  (Adams Decl., ¶ 4.)  Later that month, the chrono was denied by an
6   unknown medical officer.  (Am. Compl. at 3.)  Bowen appealed the denial, and was
7   interviewed by E. Golden, a registered nurse, who determined that Bowen was entitled to
8   the accommodations.  (*Id.*)  Apparently, however, Bowen was given a CDCR Form 7410
9   (used to communicate accommodations to correctional staff) which denied his
10  accommodations.  (*Id.* at 3A.)  A subsequent appeal by Bowen was denied by defendant
11  Gerald Ellis, Chief Executive Office of Salinas Valley State Prison, on advice from
12  defendant Dr. M. Sepulveda, who had reviewed Bowen's health records.  (*Id.*)
13  Dissatisfied, Bowen sent an appeal for Director's Level Review to Sacramento; receipt of
14  this appeal was sent to Bowen by defendant L.D. Zamora, Chief of the California Prison
15  Health Care Service, but Bowen was also informed that no action would be taken and the
16  appeal was returned to Salinas Valley State Prison.  (*Id.*)  As a result, Bowen continues to
17  be forced to prone out, causing him the pain and discomfort described before.  (*Id.*)
18        Defendants assert that the accommodations were not medically necessary.  (MSJ,
19  Adams Decl. ¶ 5.)  They rely in part on the declaration of A. Adams, M.D., currently the
20  Chief Medical Executive for Salinas Valley State Prison and Correctional Training
21  Facility.  Dr. Adams declared that Bowen not only had no medical necessity for a back
22  brace because seven years had passed since his surgery in 2003, but also that a back brace
23  was contraindicated because it can weaken the intrinsic muscles of the back and cause
24  altered musculoskeletal mechanics, worsening pain.  (*Id.* ¶ 6.)  Adams stated that Bowen
25  did not meet the prison criteria for a lower bunk, as he was not an inmate who had had
26  "abdominal, chest, or back surgery within the last 6 months" and that an upper bunk is the
27  better assignment for Bowen because persons with lumbar fusion have "limited flexibility,
28  making it difficult to stoop and bend repeatedly to get into a lower bunk."  (*Id.* ¶ 7.)

1   Adams said that Bowen does not meet the prison criteria for an egg crate mattress because
2   he is not at risk for skin breakdowns and is able to move his limbs and torso independently.
3   (*Id.* ¶ 8.)  He concluded that there is no indication that Bowen has any weakness or other
4   condition entitling him to a work accommodation barring him from lifting more than 25
5   pounds.  (*Id.* ¶ 9.)  And Adams considered that the rejection of the proning out
6   accommodation was appropriate because there was no medical necessity since because
7   Bowen was able to lie down.  (*Id.* ¶¶ 4, 5.)

## DISCUSSION

### I.   Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case."  *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.  The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  It is not the task of the court to scour the record in

3

1  search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir.
2  1996). The nonmoving party has the burden of identifying, with reasonable particularity,
3  the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make
4  this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477
5  U.S. at 322.

**II.   Claims**

Bowen claims that, in denying his appeals for accommodations relating to his back pain, defendants M. Sepulveda, Gerald Ellis, and L.D. Zamora were deliberately indifferent to his serious medical needs, and thereby violated his Eighth Amendment rights.

**A.   Sepulveda and Ellis**

A determination of "deliberate indifference" involves an examination of two elements: (1) the seriousness of the prisoner's medical needs, and (2) the nature of the defendant's response to those needs. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (overruled on other grounds by, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)). Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (equating standard with that of criminal recklessness). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *See McGuckin*, 974 F.2d at 1060.

In order to prevail on a claim of deliberate indifference to medical needs, Bowen must establish that the course of treatment the doctors chose was "medically unacceptable

4

1   under the circumstances" and that they embarked on this course in "conscious disregard of
2   an excessive risk to [Bowen's] health." *See Toguchi v. Chung*, 391 F.3d 1051, 1058–60
3   (9th Cir. 2004). A claim of mere negligence related to medical problems, or a difference
4   of opinion between a prisoner patient and a medical doctor, is not enough to make out a
5   violation of the Eighth Amendment. *Id.*; *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th
6   Cir. 1981).

7   Here, Bowen has not shown evidence that raises a genuine issue of material fact
8   that defendants were deliberately indifferent. He alleges that he "experiences continual
9   moderate to severe pain," and that proning out causes further pain. (Pl.'s Opp. to MSJ at
10  6.) Though experiencing pain and discomfort in proning out is regrettable, it does not
11  show that Bowen faces "a substantial risk of serious harm" when performing the act. Pain,
12  as Bowen admits, is a constant part of his daily experience, even when not proning out.
13  Considering this and that proning out is required only irregularly, in emergency,
14  unforeseen (and presumably rare) situations, defendants' revocation of the proning out
15  restriction was not "medically unacceptable" nor created a risk of serious harm. Nor has
16  Bowen presented any evidence that his condition has worsened or that his general health is
17  in danger or has deteriorated in any serious way since the denial of any accommodations.

18  Even if Bowen could show a serious medical need, he cannot show that defendants
19  were indifferent to his condition. Defendants have presented evidence that their decision
20  to revoke all accommodations was based on the consideration of many relevant factors,
21  including Bowen's medical history and the standard of care detailed in prison regulations,
22  and was medically appropriate. Defendants' evidence shows that the denial of certain
23  accommodations (lower bunk, back brace) will <u>prevent</u> further harm and pain to Bowen or,
24  because the age of his injury, are medically unnecessary. Bowen obviously disagrees, but
25  the fact that doctors disagree about the appropriate course of treatment is not surprising
26  and is not in itself sufficient to show an Eighth Amendment violation. *See Toguchi*, 391
27  F.3d at 1058–60. Bowen's summary denial of defendants' evidentiary assertions does not
28  identify, with reasonable particularity, evidence that shows deliberate indifference.

*Keenan*, 91 F.3d at 1279.

Because Bowen has not demonstrated medical needs that rise to the level required for an Eighth Amendment violation, and because he has not shown deliberate indifference, he has failed to set forth specific facts establishing that there is a genuine issue for trial. Accordingly, the motion for summary judgment is GRANTED in favor of defendants Sepulveda and Ellis.

### B.     Zamora

Bowen claims that defendant Zamora was deliberately indifferent to his serious medical needs in not reviewing his case on Director's Level Review. Because defendants Sepulveda and Ellis are entitled to summary judgment on Bowen's same deliberate indifference claims, no claim can plausibly be made against Zamora, and he too is entitled to summary judgment. Accordingly, defendants' motion for summary judgment is GRANTED in favor of Zamora.

## CONCLUSION

Bowen has not shown that there are triable issues of material fact as to any of his claims. Accordingly, defendants' motion for summary judgment (Docket No. 15) is GRANTED as to all claims against defendants M. Sepulveda, Gerald Ellis, and L.D. Zamora.

Bowen's motion for default judgment (Docket No. 14), and his motion for a temporary restraining order (Docket No. 32), are DENIED.

The Clerk shall enter judgment in favor of all defendants as to all claims, terminate Docket Nos. 14, 15 and 32, and close the file.

**IT IS SO ORDERED.**

**Dated:**  January 21, 2014



WILLIAM H. ORRICK
United States District Judge

6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DANIEL J. BOWEN,

        Plaintiff,

  v.

M. SEPULVEDA, et al,

        Defendant.

Case Number: CV11-06285 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 21, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Daniel J. Bowen #:V-78285
Salinas Valley State Prison-
Facility A, Bldg. 2/229-L
P.O. Box 1050
Soledad, CA 93960-1050

Dated: January 21, 2014

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk